Filed 9/8/16  P. v. Barry CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH MICHAEL BARRY,<br><br>    Defendant and Appellant. | 2d Crim. No. B271159<br>(Super. Ct. No. 2015031103)<br>(Ventura County) |

Joseph Michael Barry was charged with resisting an officer (Pen. Code, § 69),[1] misdemeanor criminal threats (§ 422), and misdemeanor battery (§ 242).  Pursuant to a plea agreement, he pled guilty to resisting an officer and criminal threats.  The trial court suspended imposition of sentence and placed him on formal probation for three years with terms and conditions, including 240 days in jail with 177 days of presentence custody credit.  The court dismissed the battery count.  (§ 1385.)

Robert Ortiz left the NY Pizza Factory in Simi Valley and saw Barry sticking his head into the window of Ortiz's truck.  Barry was speaking with Ortiz's girlfriend.  When Ortiz asked Barry what was happening, Barry became very angry and started to yell.  Barry grabbed Ortiz by the throat and pushed him up against the driver's side fender.  He threatened to go over to Ortiz's house and kill him.  When the police

---

[1] All statutory references are to the Penal Code.

arrived, Barry refused to obey their commands, resisted their attempts to place his hands behind his back, and struggled with the arresting officer. He continued to struggle and disobey officer commands even after being tasered and handcuffed and having his feet placed in a nylon hobble restraint.

Appointed counsel filed a brief raising no issues and requesting our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On June 21, 2016, we notified Barry that he had 30 days in which to advise us of any claims he wished us to consider. No response has been received.

We have reviewed the entire record and are satisfied that Barry's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


YEGAN, Acting P. J.


TANGEMAN, J.

2

Jeffrey G. Bennett, Judge

Superior Court County of Ventura
_____


California Appellate Project, Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.